BEMIS, (BLAIR v.) See Case No. 1,484.

BEMIS, (HODGE v.) See Case No. 6,557.

BEMIS, (TAYLOR v.) See Case No. 13,779.

## Case No. 1,285.

### Ex parte BEN.

[1 .Cranch, C. C. 532.] [1]

Circuit Court, District of Columbia. April 10, 1809.

ERROR, WRIT OF—SUPERSEDEAS.

A writ of error is not a supersedeas, unless a copy of it be lodged for the adverse party in the clerk's office within the ten days.

[At law. Habeas corpus by the negro Ben for discharge from the custody of the marshal of the District of Columbia. Prisoner discharged.]

Habeas corpus ad subjiciendum. The mittimus returned, was in the following form, viz.: "District of Columbia. County of Washington, ss. Whereas it is represented by Sabret Scott to the subscriber, a justice of the peace, that his negro, Ben, has run away from his service, and otherwise treated him ill, and fears that the said negro Ben will run away again, and therefore prays a commitment for safe keeping: These are therefore to authorize and require you to receive the said Ben, and him safe keep in your jail until his said master releases him therefrom, or he be otherwise legally discharged. Given under my hand and seal this 23d day of March, 1809. (Signed.) John Ott. (L. S.) The marshal of .the District of Columbia."

Mr. F. S. Key, for the prisoner, contended that he was free by the judgment of this court, rendered on the 19th of June, 1807, and that the writ of error did not suspend the judgment. The citation was not served until January 12th, 1808. No copy of the writ of error was lodged in the office of the clerk, for the master, as required by the 23d section of the judiciary act of [September 24,] 1789, (1 Stat. 73, [85.]) It was no supersedeas to the execution, because no execution could issue. The judgment of the court only ascertained the right of the negro to his freedom. The effect of the supersedeas is only to stay the execution, not to suspend the judgment.

Mr. Jones, contra. The writ of error was left in the office within the ten days, viz., on the 22d of June, 1807, and while it remained there, no copy was necessary for the adverse party.

THE COURT, then consisting of CRANCH, Chief Judge, and FITZHUGH, Circuit Judge, being divided in opinion, the prisoner was remanded.

But at June term, 1809, the prisoner was brought up again by habeas corpus, and the court being full he was discharged, THE COURT (FITZHUGH, Circuit Judge, contra), being of opinion that the writ of error could not be served so as to be a supersedeas, unless a copy thereof should be lodged in the clerk's office for the adverse party within ten days after the judgment.

## Case No. 1,286.

### BEN v. SCOTT.

[1 Cranch, C. C. 350.] [1]

Circuit Court, District of Columbia. Oct. Term, 1806.

SLAVERY—PETITION FOR FREEDOM—SECURITY FOR WAGES.

Upon a petition for freedom the court will not require the defendant to give security for the wages of the petitioner during the litigation.

Ben had filed his petition for freedom, and a subpoena had issued to the defendant [Sabret Scott] to appear at next term, namely, December term, 1806. He now filed another petition, praying that the defendant may be summoned before the court to recognize not to carry the petitioner away, &c.; whereupon THE COURT ordered a subpoena returnable immediately, to answer to this petition; which the defendant obeyed, and gave the recognizance.

Mr. F. S. Key, for the petitioner, contended that the defendant ought to recognize to pay such sum as the court should adjudge him to pay to the petitioner for his services from the time of exhibiting the petition until judgment. in case the judgment should be in favor of the petitioner.

But THE COURT refused; saying they had no jurisdiction in such a summary way to give damages, and they could not compel the defendant to assent to such a judgment.

[NOTE. For subsequent proceedings in this litigation, see Cases Nos. 1,287 and 1,288.]

## Case No. 1,287.

### BEN v. SCOTT.

[1 Cranch, C. C. 365.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

SLAVERY—PETITION FOR FREEDOM—CONTINUANCE —PRACTICE.

An affidavit is not necessary to continue negro petitions at the ·first term.

[Petition for freedom by the negro Ben against Sabret Scott. Application for continuance. Granted.

[For prior proceedings in this litigation, and subsequent disposition of the case, see Cases Nos. 1,286 and 1,288.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]